No. 95-3152

United States of America,　　*
　　　　　　　　　　　　　　*
　　　　　　Appellee,　*
　　　　　　　　　　　　　　*　Appeal from the United States
　　　　　v.　　　　　　　*　District Court for the
　　　　　　　　　　　　　　*　Northern District of Iowa.
Joe Harry Gluba, Jr.,　　*
　　　　　　　　　　　　　　*　　　[UNPUBLISHED]
　　　　　　Appellant.　*


Submitted:　February 13, 1996

Filed:　March 1, 1996


Before MAGILL, HEANEY, and MURPHY, Circuit Judges.


PER CURIAM.


Joe Harry Gluba, Jr. appeals after a jury found him guilty of all counts of a seven-count indictment charging, among other offenses, possession with intent to distribute methamphetamine, possession of marijuana, and using or carrying a firearm during and in relation to a drug trafficking crime. Gluba originally challenged his conviction on three grounds: (1) the district court improperly denied his motion to suppress evidence seized during a traffic stop; (2) the district court improperly denied his motion for judgment of acquittal on possession of methamphetamine with intent to distribute; and (3) the district court erred by allowing the state to introduce evidence of his prior arrests and convictions and by improperly commenting on that evidence. After careful review of the briefs and the record on appeal, we hold that each of these claims lacks merit. Accordingly, we affirm the

district court with respect to each of the three claims in Gluba's original submission to this court.

Prior to argument, Gluba submitted a supplemental brief claiming that, in light of <u>Bailey v. United States</u>, 116 S. Ct. 501 (1995), there was insufficient evidence to convict him for using or carrying of a firearm during and in relation to a drug trafficking crime under 18 U.S.C. § 924(c).  In <u>Bailey</u>, decided after Gluba's conviction and prior to arguments on this appeal, the Supreme Court substantially clarified the meaning of the term "use" as employed by 924(c).  By order dated December 22, 1995, we allowed Gluba to submit a supplemental brief on the issue of the impact of <u>Bailey</u> on his conviction under 924(c).  The district court, however, did not have the opportunity to consider the merits of Gluba's claim under <u>Bailey</u>.  For that reason, we now remand the case to the district court for full consideration of that issue.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.